IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02942-BNB

RYAN DARNELL CUNNINGHAM,

Applicant,

v.

STEVEN R. GREEN, Warden, BVCC,

Respondent.

## ORDER OF DISMISSAL

Applicant, Ryan Darnell Cunningham, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Complex in Buena Vista, Colorado. Mr. Cunningham initiated this action by filing *pro se* a motion pursuant to 28 U.S.C. § 2255 challenging the validity of a Colorado state court conviction. On February 8, 2010, Mr. Cunningham filed on the proper form an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 10, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Cunningham to file an amended habeas corpus application that clarifies the claims he is asserting in this action.
On March 8, 2010, Mr. Cunningham filed an amended habeas corpus application. Mr. Cunningham is challenging the validity of his conviction in Adams County District Court case number 08CR1382.

On March 10, 2010, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C.

§ 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On March 25, 2010, Respondents filed their Pre-Answer Response. Although Mr. Cunningham was given an opportunity to file a reply to the Pre-Answer Response, he has not done so.

The Court must construe the amended habeas corpus application and other papers filed by Mr. Cunningham liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Following a jury trial, Mr. Cunningham was convicted of three counts of attempted aggravated robbery, three counts of menacing, one count of prohibited use of a weapon, and one count of obstructing a peace officer. On November 23, 2009, he was adjudicated an habitual offender and sentenced to thirty-two years in prison. On January 4, 2010, Mr. Cunningham filed a notice of appeal and that appeal remains pending in the Colorado Court of Appeals.

The Court received the instant action for filing on December 11, 2009. In his amended habeas corpus application filed on March 8, 2010, Mr. Cunningham claims that (1) his constitutional right to self-representation was violated; (2) the trial court erred in failing to instruct the jury on the defense theory of the case; (3) his constitutional rights were violated because he was not present for sentencing; (4) the prosecution withheld exculpatory evidence; and (5) he was denied a fair

2

trial because the jury was not impartial, counsel was ineffective, the prosecution delivered an unfair and misleading closing argument, his silence repeatedly was highlighted, and the trial court joked often with jurors.

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). However, Respondents contend that Mr. Cunningham's claims are not exhausted because his state court appeal remains pending before the Colorado Court of Appeals.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. ***See Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." ***Dever***, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. ***Picard v. Connor***, 404 U.S. 270, 278 (1971); ***see also Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," ***Picard***, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See **Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See **Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees that Mr. Cunningham has failed to exhaust state remedies because none of the claims in the amended application have been presented fairly to the Colorado appellate courts. Although Mr. Cunningham currently has an appeal pending before the Colorado Court of Appeals, he commenced this action prior to filing that appeal and, in any event, merely filing an appeal does not satisfy the fair presentation requirement. Therefore, even assuming Mr. Cunningham is raising in the state court appeal the same claims he is raising in this action, those claims are not exhausted. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __22nd__ day of __April__, 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO,
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02942-BNB

Ryan D. Cunningham
Prisoner No. 102635
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Ryan A. Crane
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/23/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk